IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:09CR313 |
| ) | |
| LAMIEK DEAN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**
**(Denying In Part and Deferring In Part Defendant's**
**Motion to Dismiss the Indictment)**

This matter is before the Court on Defendant's Motion to Dismiss the Indictment, which challenges the constitutionality of the underlying statute. The parties have filed memoranda of law in support of their respective positions, and the Court conducted a hearing on November 4, 2009. For the reasons discussed below, Defendant's motion will be denied in part and deferred in part.

## I. BACKGROUND

Defendant pled guilty to rape in New York state court on June 6, 1986. On December 19, 1996, Defendant registered with the New York State Sex Offender Registry as a sex offender. Since that time, Defendant alleges he has updated his registration in accordance with New York state law. Following his release from prison, Defendant entered into a relationship with Nicole McDonald ("McDonald") that produced four children. In March 2008, McDonald and the four children moved from New York to an apartment in Virginia. According to Defendant, he continued to live in

New York with his sister, Ms. Dillard, after McDonald and his children relocated to Virginia.

On July 2, 2009, an official from the New York State Sex Offender Management Unit ("SOMU") went to Ms. Dillard's residence to investigate a tip alleging Defendant had been living in Virginia. On July 7, 2009, Defendant visited the SOMU official's office and claimed that he still lived in New York and had only traveled to Virginia to visit his family.

On September 1, 2009, a grand jury in the Richmond Division of the Eastern District of Virginia indicted Defendant on one count of knowingly failing to update his sex offender registration after traveling in interstate commerce as required by the Sex Offender Registration and Notification Act ("SORNA") and in violation of 18 U.S.C. § 2250(a). On October 16, 2009, Defendant moved to dismiss the indictment on the grounds that Congress exceeded its authority under the Commerce Clause when it enacted 18 U.S.C. § 2250(a) and 42 U.S.C. § 16913, and that 18 U.S.C. § 2250(a), as applied, violates Defendant's constitutional right to travel.

## II. STANDARD

This Court may, at any time during the pendency of a case, hear a claim that an indictment "fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). Under Federal Rule of Criminal Procedure 12(b)(3), a defendant may move to dismiss an allegedly defective indictment prior to trial. An indictment is

defective if it alleges violation of an unconstitutional statute, or if the "allegations therein, even if true, do not state an offense." *See In re Civil Rights Cases*, 109 U.S. 3, 8-9, 3 S. Ct. 18, 19-20 (1883); *United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004).

## III. ANALYSIS

### A. The Statutory Framework

SORNA requires a sex offender to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). SORNA defines the term "sex offender" as "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). A "sex offense" is defined as "a criminal offense that has an element involving a sexual act or sexual contact with another." 42 U.S.C. § 16911(5)(A)(11). SORNA also requires a sex offender to notify the state in which the offender lives of any change to the offender's name, residence, employment, or status as a student. 42 U.S.C. § 16913(c).

The enforcement mechanism for SORNA's registration requirement is found in 18 U.S.C. § 2250(a). Under § 2250(a), any sex offender who is required to register under SORNA and is either convicted of a sex offense under federal law or traveled in interstate commerce faces up to ten years imprisonment if they knowingly fail to register or update their registration as required by SORNA. Thus, "the elements of a SORNA failure-to-register offense under 18 U.S.C. § 2250(a) are that the defendant (1) was required to register under 42 U.S.C. § 16913(a); (2) ... traveled in interstate commerce; and (3)

3

knowingly failed to register as required by § 16913(a)." *United States v. Gould*, 568 F.3d 459, 470 (4th Cir. 2009).

### B. The Commerce Clause

The United States Constitution authorizes Congress "to regulate Commerce ... among the several states ...." U.S. Const. art. I, § 8, cl. 3. "Under the Commerce Clause, Congress has authority to regulate (1) the use of the *channels* of interstate commerce, (2) the *instrumentalities* of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities, and (3) those activities having a *substantial relation* to interstate commerce." *Gould*, 568 F.3d at 470-71 (quoting *United States v. Morrison*, 529 U.S. 598, 609, 120 S. Ct. 1740, 1749 (2000)) (internal quotations omitted).

The Fourth Circuit Court of Appeals has already rejected Defendant's argument that Congress exceeded its authority under the Commerce Clause when it enacted 18 U.S.C. § 2250(a). In *United States v. Gould*, the Fourth Circuit concluded "that § 2250(a) does not violate the Commerce Clause ...." 568 F.3d at 471. In reaching its conclusion, the court relied on Congress's authority to regulate the channels of interstate commerce, as well as its authority to regulate individuals traveling in interstate commerce. *See Gould*, 568 F.3d at 470-72.

Regarding the channels of interstate commerce, the Fourth Circuit concluded that the regulation of the interstate travel of sex offenders falls under Congress's authority "to

4

keep the channels of interstate commerce free from immoral and injurious uses." *Gould*, 568 F.3d at 471 (citing *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 256, 85 S. Ct. 348 (1964); *Caminetti v. United States*, 242 U.S. 470, 491, 37 S. Ct. 192 (1917)) (internal quotations omitted). Turning to the second category of Congress's commerce power, the Fourth Circuit noted that interstate travel is a clear and essential element of § 2250(a). *Id.* at 471. As a result, any defendant subject to criminal liability under § 2250(a) qualifies as "a person in interstate commerce"; and is therefore subject to regulation by Congress. *Id.*

In light of the Fourth Circuit's decision in *Gould*, this Court finds that Congress did not exceed its authority under the Commerce Clause when it enacted § 2250(a). This holding is consistent with that of every Circuit Court that has addressed this issue. *See Gould*, 568 F.3d, at 471; *United States v. Ambert*, 561 F. 3d 1202, 1209-11 (11th Cir. 2009); *United States v. May*, 535 F.3d 912, 920-21 (8th Cir. 2008); *United States v. Lawrance*, 548 F.3d 1329, 1336-37 (10th Cir. 2008).

In addition to challenging § 2250(a), Defendant alleges that Congress exceeded its authority under the Commerce Clause when it implemented the registration requirements found in 42 U.S.C. § 16913. Although the Fourth Circuit has yet to address this issue directly, its opinion in *Gould* suggests that the comprehensive national registration system created by SORNA is valid under the Commerce Clause. *See Gould*, 568 F.3d at 472.

Although the Code sections implementing SORNA's registration requirements

5

lack an explicit reference to Congress's commerce power, the Fourth Circuit noted in *Gould* that the absence of such a reference "does not ... render unconstitutional the national system so long as the enactment addresses a problem that substantially affects interstate commerce." *Id.* at 472. When evaluating the impact of an activity on interstate commerce, the court commented that "the question is not simply whether one particular offense has a measurable impact upon interstate commerce, but whether the relevant class of acts has such an impact." *Id.* at 475 (citing *United States v. Williams*, 342 F.3d 350, 355 (4th Cir. 2003) (upholding the Hobbs Act under the Commerce Clause)). With this principle in mind, the Fourth Circuit concluded that "even though the comprehensive federal registration system created by SORNA may implicate a sex offender who does not cross state lines, the potential for recidivism and flight across state lines of *all* sex offenders is sufficiently real and substantial to be taken as a serious and extensive part of the larger interstate problem, justifying the comprehensive regulation." *Id.* at 474-75. The court found further support for its conclusion in the fact that Congress's regulatory scheme would be severely hampered unless all sex offenders were required to register. *Id.* at 475 (citing *Gonzalez v. Raich*, 545 U.S. 1, 24-25, 125 S. Ct. 2195 (2005); *Hodel v. Indiana*, 452 U.S. 314, 329 n.17, 101 S. Ct. 2376 (1981) ("A complex regulatory program ... can survive a Commerce Clause challenge without a showing that every single facet of the program is independently and directly related to a valid congressional goal. It is enough that the challenged provisions are an integral part of the regulatory program and

that the regulatory scheme when considered as a whole satisfies this test.")) (internal quotations omitted).

As a result of the Fourth Circuit's analysis in *Gould*, this Court finds that the registration requirements detailed in 42 U.S.C. § 16913 are valid under the Commerce Clause. This holding is consistent with the holding of federal Circuit Courts who have addressed this same issue. *See, e.g., United States v. Howell*, 552 F.3d 709 (8th Cir. 2009); *United States v. Ambert*, 561 F.3d 1202, 1211-12 (11th Cir. 2009).

In addition to the Commerce Clause, support for § 16913 can be found in the Necessary and Proper Clause of the Constitution. *See* U.S. Const. art. I, § 8, cl. 18. "It has been long recognized that Congress has the power to pass laws or regulations necessary and proper to carrying out their Commerce Clause power." *Ambert*, 561 F.3d at 1211 (citing *McCulloch v. Maryland*, 17 U.S. 316, 421 (1819)); *see also Howell*, 552 F.3d at 714. Thus, "Congress may regulate intrastate activity so long as the means employed ... are 'reasonably adapted' to the attainment of a legitimate end under the commerce power." *Ambert*, 561 F.3d at 1212 (citing *United States v. Darby*, 312 U.S. 100, 121, 61 S. Ct. 451, 460-61 (1941)); *see also Howell*, 552 F.3d at 714.

The local registration requirements found in § 16913 were enacted by Congress to further its goal of creating a comprehensive national registration system capable of tracking and regulating "the movement of sex offenders from one jurisdiction to another." *Ambert*, 561 F.3d at 1212; *see also Howell*, 552 F.3d at 716 ("We believe Congress

7

enacted SORNA to track the interstate movement of sex offenders."); *Gould*, 568 F.3d at 472 (discussing the "comprehensive national system for the registration of sex offenders" established by SORNA) (internal quotations omitted). This interstate focus is made abundantly clear in the Act's introductory language. *See Ambert*, 561 F.3d at 1212; *Howell*, 552 F.3d at 716. Furthermore, the wording of § 16913 and its relation to § 2250(a) demonstrate a clear interstate focus. *See Ambert* 561 F.3d at 1212; *Howell*, 552 F.3d at 716. Section 16913 requires a sex offender to keep his registration current in "*each* jurisdiction where the defendant resides ...." 42 U.S.C. § 16913(a) (emphasis added). Section 16913 also requires a sex offender to update his status in person "in *at least 1 jurisdiction*" and in turn requires that jurisdiction to notify "*all other jurisdictions*" of the change. 42 U.S.C. § 16913(c) (emphasis added). Finally, § 16913 lacks an enforcement provision. As a result, the only defendants who will face criminal liability for a failure to register are those who trigger § 2250(a) by traveling in interstate commerce. *See Gould*, 568 F.3d at 470; *Ambert*, 561 F.3d at 1212; *Howell*, 552 F.3d at 716.

Given the role § 16913 plays in achieving SORNA's goal of tracking the interstate movement of sex offenders, this Court finds that § 16913 "is reasonably adapted to the attainment of a legitimate end under the commerce clause"; and thus constitutes a valid exercise of Congress's authority under the Necessary and Proper Clause. *Ambert*, 561 F.3d at 1212.

## C. The Right to Travel

Defendant also alleges that 18 U.S.C. § 2250(a), as applied, violates his constitutional right to travel. Many of the courts that have addressed the issue of whether § 2250(a) violates a sex offender's constitutional right to travel have concluded that it does not. *See, e.g., Ambert*, 561 F.3d at 1209-10; *United States v. Waybright*, 561 F. Supp. 2d 1154, 1169-70 (D. Mont. 2008). Defendant contends that his case is distinguishable from other right-to-travel cases because of its unique factual circumstances. Consequently, this Court would be required to make several factual findings in order to fully address Defendant's right-to-travel argument. At this stage in the proceedings, it is not appropriate for the Court to make such determinations. *See Thomas*, 367 F.3d at 197; *United States v. Hooker*, 841 F.2d 1225, 1226-27 (4th Cir. 1988). The Court will defer ruling on this facet of Defendant's motion until the conclusion of the trial on the merits.

## IV. CONCLUSION

This Court finds that both 18 U.S.C. § 2250(a) and 42 U.S.C. § 16913 are facially valid under the Commerce Clause. In addition, this Court finds that 42 U.S.C. § 16913 is valid under the Necessary and Proper Clause. Therefore, Defendant's Motion to Dismiss the Indictment (on the ground that the underlying statute is facially unconstitutional) is denied. The Defendant's constitutional challenge as applied to the specific facts of this case is deferred pending trial on the merits. An appropriate Order will accompany this

Memorandum Opinion.

                                                      /s/
                                    Henry E. Hudson
                                    United States District Judge

Date: Nov. 17, 2009
Richmond, VA